**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAN J. KILMARTIN, | : |
| | : Civil Action No. 11-4681 (MLC) |
| Plaintiff, | : |
| | : **O P I N I O N** |
| v. | : |
| | : |
| OCEAN COUNTY DEPARTMENT OF CORRECTIONS, et al., | : |
| | : |
| Defendants. | : |

**COOPER, District Judge**

Plaintiff, currently incarcerated at the Ocean County Jail, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court will review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the Ocean County Department of Corrections and warden Theodore Hutler, Jr., for creating unsafe

conditions by overcrowding the jail.  He also seeks to sue the Ocean County Board of Freeholders, as they are "in charge of the jail."

Plaintiff alleges that the jail houses three people to a cell designed for one; there are 38-40 people on a wing designed for 16, and people have to sleep on the floor; there is poor ventilation, and the vents have not been cleaned in years; there is no access to the law library and "everything is done through request slips"; there is only one shower for 38-40 people; people must sleep on the floor of the gym with one toilet and no shower; there is mold on the ceiling and in the concrete on the floors and showers.  (Compl., ¶ 6.)

## DISCUSSION

**A.  Standard of Review**

A district court must review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity.  The Court must identify cognizable claims and <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Court must construe a pro se complaint liberally in the plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  As "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible to prevent a summary dismissal.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

A plaintiff must demonstrate that the allegations of the complaint are indeed plausible.  See Iqbal, 556 U.S. at 679; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**B.     42 U.S.C. § 1983**

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Complaint Will Be Dismissed**

The Plaintiff attempts to allege a conditions-of-confinement claim under the Due Process Clause of the Fourteenth Amendment under the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979), i.e., whether the conditions of confinement amounted to punishment prior to an adjudication of guilt.  Thus:

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell, 441 U.S. at 539 (footnote and citation omitted).

The maintenance of security, internal order, and discipline are essential goals that at times require "limitation or retraction of ... retained constitutional rights."  Id. at 546.

"Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. In assessing whether conditions are reasonably related to the assigned purposes, a court must further inquire as to whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them. Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005).

Under Bell, "[w]e must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008) (citation and internal quotation marks omitted). Moreover, the Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, has both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 ... (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind [.]" Id. at 298 .... The Supreme Court did not abandon this bipartite analysis in Bell, but rather

5

>  allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007).

Under the Due Process Clause, as well as the Eighth Amendment, prison officials must satisfy inmates' "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993). To satisfy the objective component, an inmate must show that he was subjected to genuine privation and hardship over an extended period of time. See Bell, 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); Hutto v. Finney, 437 U.S. 678, 686–87 (1978) ("length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards" and "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months").

Plaintiff here alleges that the jail is overcrowded, there is poor ventilation, mold, and library access is on request only. These allegations do not satisfy the objective component because they are not sufficiently serious in that they do not show that

Plaintiff, himself, endured genuine privations and hardship over an extended period of time.  See Hubbard, 538 F.3d at 235 (holding that triple celling of pretrial detainees and use of floor mattresses did not violate Due Process because inmates "were not subjected to genuine privations and hardship over an extended period of time"); Foreman v. Lowe, 261 Fed.Appx. 401, 403-04 (3d Cir. 2008) (immigration detainee's confinement in maximum security did not violate due process).

The allegations also do not satisfy the subjective component of a conditions-of-confinement claim under the Due Process Clause.  Plaintiff does not assert facts showing that any individual defendant was deliberately indifferent to his health or safety.  To establish deliberate indifference, a plaintiff must set forth facts "show[ing] that the official was subjectively aware" of the allegedly substandard conditions.  See Farmer v. Brennan, 511 U.S. 825, 829 (1994).  Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Id. at 844.

Plaintiff's allegations here as to the subjective component do not satisfy Iqbal's plausibility standard, as the allegations are consistent with the conclusion that defendants reasonably responded to a population concern.  Because the Complaint makes no non-conclusory factual allegations showing the deliberate

indifference of each named defendant, and because vicarious liability does not apply under § 1983, the Complaint fails to satisfy the subjective component of a conditions-of-confinement claim as to any individual defendant.[1]

## CONCLUSION

The complaint will be dismissed.  The Court will enter an appropriate order and judgment.

                                                       s/ Mary L. Cooper
                                                   **MARY L. COOPER**
                                                   United States District Judge

Dated:    July 10, 2012

---

[1] The Court notes that the Ocean County Department of Corrections, also identified as Ocean County Jail, is not a proper defendant. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (confinement facility is not entity cognizable as "person" for purposes of § 1983 suit); Grabow v. S. State Corr. Fac., 726 F.Supp. 537, 538-39 (D.N.J. 1989) (same); see also Marsden v. Fed. BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (same); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976).